C. WILLIAM’ BRADLEY, Judge Pro Tem.
The shipper, under a “Shipper’s Load and Count” bill of lading, loaded a box car owned by defendant. The car was loaded at each end with the center area of the car between the car doors remaining empty. An employee of defendant inspected only as to the load. The shipper closed the car doors and applied seals.
Defendant then delivered the loaded car to the consignee at New Orleans. An employee of consignee partially opened a door of the box car and was struck on the head by a steel bar that fell from the box car. This steel bar was one of a set of bars designed to fit into slots in the doorway and brace the doorway against cargo when it was loaded in the area of the doorway.
Defendant railroad was sued by the employee for damages from personal injuries and by the workmen’s compensation insurer for reimbursement of compensation paid to the employee. The defendant has appealed from a judgment in favor of plaintiffs. We affirm.
The law of Louisiana pertinent to the issue herein was clearly stated in Baxter v. Texas & Pacific Railway Company, 102 So.2d 97 (La.App., 1958), when, at page 101, this court stated:
“Our conclusion in the case is that whereas defendant furnished a car which was defective and unsafe, which circumstances could have been ascertained even upon a reasonable, careful inspection, defendant’s liability unto plaintiff for his damage is clear.”
This is in accord with Franklin v. Illinois Central Railroad Co., 13 So.2d 125 (La.App., 1943) and Jacob v. Illinois Central Railroad Co., 133 La. 735, 63 So. 306 (1913). We find no manifest error in the determination of the trial court that the defective and unsafe condition herein could have been ascertained by a reasonable, careful inspection.
However, defendant insisted it was not obliged to inspect or determine whether the car was properly secured so as to avoid injury to anyone unloading it and that it did not have opportunity to so inspect because the car was loaded by the shipper and the doors were closed by the shipper.
To support this position, defendant cites 49 U.S.C. § 101, which in part states:
“ . . . The carrier may also by inserting in the bill of lading the words ‘Shipper’s weight, load, and count,’ or other words of like purport, indicate that the goods were loaded by the shipper and the description of them made by him; and if such statement be true, the carrier shall not be liable for damages caused by the improper loading or by the nonreceipt or by the misdescription of the goods described in the bill of lading:
Firstly, a reading of the whole of Section 101 indicates that under the “Shipper’s weight, load and count” bill of lading, the carrier is not liable for damages to goods improperly loaded or for goods not received or for goods misdescribed. The section is silent as to the carrier’s liability for damages arising from a defective or unsafe car when such defect or unsafe condition does not pertain to the goods described in the bill of lading. Section 101 does not relieve defendant from the duty of discovering a defective or unsafe condition of the car as would have been revealed by a reasonable, careful inspection.
Secondly, since Section 101 does not relieve defendant of its duty to discover defective or unsafe conditions of the car by reasonable, careful inspection, the fact that the shipper' loaded the car, closed the doors and applied the seals cannot be offered by defendant as no opportunity to conduct the inspection required by Louisiana law.
The judgment is affirmed.
Affirmed.